UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-167-H

CASUAL LIVING WORLDWIDE, INC.                                                           PLAINTIFF
d/b/a BJI, INC.

V.

LANE FURNITURE INDUSTRIES, INC.                                                      DEFENDANT
d/b/a LANEVENTURE

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Casual Living Worldwide, Inc.("Plaintiff"), filed suit against Lane Furniture Industries, Inc. ("Defendant"), alleging that Defendant infringed two patents owned by Plaintiff. Plaintiff now moves to amend its complaint to add a cause of action for a recently issued patent. Defendant, meanwhile, has objected to the Court's order to compel certain documents for discovery purposes.

I.

Plaintiff alleges Defendant has infringed U.S. Patent No. 7,076,939 ("the '939 Patent") and U.S. Patent No. 6,705,070 ("the '070 Patent"). The '939 Patent covers an article of furniture that includes a portion woven using composite yarn. The '070 Patent covers the method of making woven yarn for use in outdoor furniture. Specifically, Plaintiff alleges that Defendant's *Harbor Breeze* collection of outdoor furniture infringes the '939 Patent and the '070 Patent.

On October 28, 2008 the U.S. Patent and Trademark office issued U.S. Patent No. 7,441,394 ("the '394 Patent") to Plaintiff. The '394 Patent covers furniture made with synthetic polymer yarn. The '394 Patent is very similar to the '939 patent, with a few important

differences, and Plaintiff alleges that Defendant's *Harbor Breeze* collection infringes on the '394 patent. On November 13, 2008, approximately two weeks after the '394 patent issued, Plaintiff notified Defendant about the patent and alleged infringement. After Defendant refused to stop the alleged infringing conduct, Plaintiff filed this motion to amend its complaint to include claims based on the recently issued '394 Patent.

II.

Rule 15(a) of the Federal Rules of Civil Procedure governs Plaintiffs' motion to amend its complaint before trial. It states, "... a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Such leave should be freely given "when justice so requires." *Id.* Here, the patent Plaintiff seeks to add to its complaint is related to the patents currently being litigated. Furthermore, Plaintiff acted swiftly to notify Defendant of the alleged infringement of the '394 Patent, and Plaintiff moved to amend its complaint just a few weeks after notifying Defendant of the alleged infringement. Finally, Plaintiff could not have amended its complaint before the PTO granted the patent, because at that time there was no patent to infringe. Given the similarities in issues, parties, technologies, and alleged infringement, allowing Plaintiff to amend its complaint would be more efficient than filing an entirely separate complaint. Consequently, the Court will allow the amendment.

III.

Defendant objects to the Court's order compelling it to disclose an email sent to one of its foreign suppliers, Luis Fernandez, on August 22, 2005 on the grounds that the email was privileged and not responsive to Plaintiff's discovery request. The Magistrate Judge, who

conducted an *in camera* review of the email, ruled that the privilege, if any existed, had been waived when the email was sent to a foreign supplier, because that foreign supplier did not have the required commonality of interest to preserve the privilege. Furthermore, the Magistrate Judge concluded that the email was relevant to the dispute according to Fed. R. Civ. P. 26(b)(1). Defendant argues that forwarding the email to Fernandez did not waive the privilege, because Defendant and Fernandez shared a common interest. Federal common law governs issues of privilege. *Reed v. Baxter*, 134 F.3d 351, 356-58 (6th Cir. 1998). The Magistrate Judge concluded that Defendant and Fernandez did not share the required common interest.

      The common interest doctrine applies where otherwise privileged communication is transmitted to a third-party with an identical or nearly identical legal interest. *See United States v. Doe*, 429 F.3d 450, 453 (3rd Cir. 2006)(citing *F.D.I.C. v. Ogden Corp*, 202 F.3d 454, 461 (1st Cir. 2000); *Katz v. AT&T Corp.*, 191 F.R.D. 433, 437 (N.D. Penn. 2000). While Fernandez may share some common business interest with Defendant, namely that the Defendant be allowed to continue to produce the alleged infringing furniture, Defendant has not identified any shared legal interest a Defendant sued under 35 U.S.C. § 271(a) shares with a foreign supplier who could not be sued under 35 U.S.C. § 271(a). While Defendant has alleged that the foreign supplier could be sued under a different subsection of the patent act, this is not clear. Defendant has produced no evidence to suggest that the independent supplier could be liable under any of the sections of the patent act.

      Finally, Plaintiff requested, "[a]ll documents in the possession of Laneventure that refer or relate to Casual Living." Casual Living's Document Requests No. 7. The email in question refers to Casual Living and Casual Living's patents. Thus, the email appears responsive to at

least one of Plaintiff's document requests.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to file its First Amended Complaint is SUSTAINED.

IT IS FURTHER ORDERED that Defendant's objection to the Court's order to compel is DENIED.

This is NOT a final order.

cc: Counsel of Record